IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRASHANT C. SHETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 4280 |
| | ) |
| | ) |
| ERNST & YOUNG, LLP, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Ernst & Young, LLP's ("Ernst") motion to stay and compel arbitration. For the reasons stated below, we grant the motion.

## BACKGROUND

In July of 2001, Plaintiff Prashant C. Sheth ("Sheth") quit his senior management position at Price Waterhouse Cooper and became a partner at Ernst. In December of 2001, Sheth signed a partnership agreement with Ernst. Sheth alleges that his employment with Ernst was terminated on October 31, 2002, and that he was fired because his race is Asian-Indian, his national origin is Indian, and his religious

1

affiliation is Hindu. Sheth filed a complaint in the instant action which contains a claim alleging a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, based on race discrimination (Count I), a Title VII national origin discrimination claim (Count II), a Title VII religious discrimination claim (Count III), and a breach of contract claim (Count IV).

## DISCUSSION

Ernst has moved to stay the complaint and compel arbitration. When a party moves for a stay of proceedings pending arbitration, the court "must grant the requested stay where two conditions are satisfied: (1) the issue is one which is referable to arbitration under an agreement in writing for such arbitration, and (2) the party applying for the stay is not in default in proceeding with such arbitration." *C. Itoh & Co. (America) Inc. v. Jordan Intern. Co*, 552 F.2d 1228, 1231 (7th Cir. 1977). In the instant action, Sheth does not dispute the fact that he signed a partnership agreement with Ernst under which he agreed to resolve all disputes with Ernst in voluntary mediation or arbitration. Neither does Sheth contest the fact that his Title VII claims are subject to the partnership agreement and that the claims are solely based upon his business relationship with Ernst. (Ans. 5). Sheth states that "he does not oppose mediation and arbitration of his claims," but argues that "[h]e has every right . . .to insist that his claims be heard in a forum which recognizes his substantive rights under Title VII." (Ans. 2).

2

## I. Waiver of Rights

Sheth argues that the enforcement of the arbitration provision would "eviscerate" his rights under Title VII "by requiring him to waive" his statutory rights because he cannot recover certain damages or fees in arbitration and because of limitations on arbitration. (Ans. 4). First of all, Sheth is mistaken because he has already waived certain rights to proceed in federal court by signing the partnership agreement in 2001. Sheth does not allege that his decision to sign the partnership agreement was not done in a knowing and voluntary fashion. Therefore, Sheth is not being forced to waive any rights at this juncture as he contends. He has waived certain rights on his own volition.

Second, regardless of whether Sheth signed the partnership agreement, Sheth will not be deprived of any damages or fees by proceeding in arbitration. Sheth is free to argue before the arbitrator and, if needed, on the arbitration appeal that the damages limitation provision in the partnership agreement is unenforceable. The partnership agreement specifically provides that his wavier is only "to the fullest extent permitted by law. . . ." (Agr. 16(d)(iv)). Sheth is also free to request fees and costs if he prevails in arbitration just as he could were he to prevail in federal court. Sheth argues that it will be unfair to proceed in arbitration because he "will be required to incur significant upfront costs in the form of a deposit for the anticipated costs of the arbitration. . . ." (Ans. 12). However, in federal court he

3

would likewise have to incur upfront costs and would not be able to recover any of the costs until the termination of the litigation in his favor.

Third, Sheth incorrectly presumes that he will not be able to conduct discovery during the arbitration, the arbitrators will not issue a written award, and he will not be allowed to present live witnesses. The partnership agreement provides that the arbitration will be resolved in accordance with the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("Rules") and the Rules provide for discovery and the presentation of live witnesses when appropriate. (CPR 11, 12.4). The Rules also provide for the arbitrators' award to be in writing unless all the parties agree otherwise. (CPR 14.2). Sheth complains that the arbitration may not proceed in the exact fashion the he prefers, but he chose to sign the partnership agreement and he remains bound by his commitment. The agreement would be of little value to Ernst if, when Ernst first seeks to enforce the agreement, Sheth is allowed to back out of the agreement because the terms are not to his liking.

## II. Bias of Arbitrators

Sheth argues that the potential arbitrators will be biased because the pool of arbitrators will be former partners of large accounting firms or law firms. Sheth has not presented sufficient reasons to show that his distrust of potential arbitrators is based on anything other than unfounded speculation. We also note that the Rules

4

specially provide for the method of selection of arbitrators to ensure neutral selections.

III. Breach of Contract Claim

Ernst moves in the instant motion to stay this entire action and compel arbitration. The partnership agreement provides broadly to cover "[a]ny dispute, claim, or controversy between" Ernst and Sheth. Sheth has presented no specific objection at all in his answer to the instant motion in regards to the arbitration of the breach of contract claim.

## CONCLUSION

Based on the foregoing analysis, we grant Ernst's motion to compel arbitration. The motion to stay is denied as moot. Rather than leave the case inactive on the court docket, we deem it prudent to dismiss the action with leave to reinstate after the arbitration is resolved, if appropriate.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 27, 2005